UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 07-10210-JLT |
| ) | |
| JEFF JEAN-CHARLES AND ) | |
| MARVEL JEAN-CHARLES, ) | |
| Defendants. ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**TAURO, D.J.,**

WHEREAS, on June 20, 2007, a federal grand jury sitting in the District of Massachusetts returned a seven-count Indictment charging defendant Marvel Jean-Charles (the "Defendant") and Jeff Jean-Charles with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count One); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1)(Counts Two and Three); Illegal Alien in Possession of Firearm, in violation of 18 U.S.C. § 922(g)(5)(Count Four); Possession of Firearm With Obliterated Serial Number, in violation of 18 U.S.C. § 922(k)(Count Five); and Possession of Firearms in Furtherance of Drug Trafficking Crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(Counts Six and Seven);

WHEREAS, the Forfeiture Allegation of the Indictment sought the forfeiture, upon conviction of the offenses alleged in Counts Four through Seven, of all firearms and ammunition involved in the commission of the offenses, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), including without limitation:

     (a)   a Smith & Wesson, Model Sigma, 9mm semi-automatic pistol bearing Serial Number PNB9490;

     (b)   a Bryco/Jennings .380 caliber, semi-automatic pistol bearing an obliterated serial number; and

     (c)   various rounds of ammunition

(collectively, the "Firearms/Ammunition");

WHEREAS, the Forfeiture Allegation of the Indictment also sought the forfeiture, upon conviction of the offenses alleged in Counts One through Three, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations pursuant to 21 U.S.C. § 853, including without limitation:

     (d)   $10 in United States currency seized from Marvel Jean-Charles on May 16, 2007 (the "Currency");

WHEREAS, the Indictment further provided that, if the Firearms/Ammunition and the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Firearms/Ammunition and the

2

Currency, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c);

WHEREAS, May 27, 2008, the Defendant pled guilty to Counts One, Three, Five and Seven of the Indictment;

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a), as incorporated in 28 U.S.C. §2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Firearms/Ammunition and the Currency, or substitute assets, in a value up to the value of the Firearms/Ammunition and the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea, that the Government has established the requisite nexus between the Firearms/Ammunition and the Currency and the offenses to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the Firearms/Ammunition and the Currency are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, as incorporated in 28 U.S.C. § 2461(c).

2. If the Firearms/Ammunition and the Currency, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been

3

transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the Currency and Vehicle, pursuant to 21 U.S.C. § 853(p), as incorporated in 28 U.S.C. § 2461(c).

3.  The United States Bureau of Alcohol, Tobacco, Firearms, and Explosives shall seize and hold the Firearms/Ammunition and the Currency in its secure custody and control.

4.  Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), as incorporated in 28 U.S.C. § 2461(c), the United States shall also publish, for thirty (30) consecutive calendar days, notice of the Order on the government website www.forfeiture.gov. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Firearms/Ammunition and the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Firearms/Ammunition and Currency and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct

4

written notice to any person known to have alleged an interest in the Firearms/Ammunition and the Currency that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
Joseph L. Tauro
United States District Judge

Date: